Donna SCHNEIDER, Plaintiff
and Appellee,

v.

John SCHNEIDER, Defendant
and Appellant.

Civ. No. 890023.

Supreme Court of North Dakota.

July 17, 1989.

Diane F. Melbye, Dickinson, for plaintiff and appellee.

Ronald A. Reichert, of Freed, Dynes, Reichert & Buresh, P.C., Dickinson, for defendant and appellant.

VANDE WALLE, Justice.

John Schneider appealed from a judgment awarding Donna Schneider $4,639.07 with interest due on a loan. We affirm the money judgment but remand for further proceedings consistent with this opinion.

John and Donna were divorced in 1983. Subsequent thereto John borrowed in excess of $20,000 from Donna and on June 1, 1986, John signed a note due in six months for the unpaid amount. John failed to pay the amount due on the note and Donna brought this action. John filed an answer containing what the parties and the trial court considered a counterclaim, alleging that he had provided Donna with a leased automobile and health insurance during the time the parties continued to live together after the divorce and claiming a setoff against the amount due Donna on the note.

Prior to trial the parties stipulated that John owes Donna the sum of $4,639.07 in unpaid principal plus accrued interest on the note. The trial court proceeded to try the counterclaim and, in its memorandum decision, ordered that "Defendant's counterclaim against the Plaintiff is dismissed in its entirety and with prejudice to this proceeding only, so as to permit the Defendant to properly raise the same in any future motion." [1]

On appeal John contends that the trial court was in error in holding that he "did not present a proper counterclaim." In effect John argues that the trial court held that because his counterclaim did not arise from the transaction giving rise to Donna's claim it was not a proper counterclaim. Donna contends that the trial court dismissed the counterclaim on the merits and that we should review the trial court's findings pursuant to Rule 52(a), N.D.R.Civ.P. She relies on the following language in the memorandum opinion to support her position:

"Legal counsel for the Plaintiff requested and obtained from the Court a standing objection to the Defendant's counterclaim, alleging that the Defendant's counterclaim was totally irrelevant to the claim of the Plaintiff herein. Procedurally the Court was compelled to overrule said objection so as to grant to the Defendant full and ample opportunity to present his counterclaim to this

---

1. Neither the findings of fact, conclusions of law, and order for judgment nor the judgment contains any reference to the counterclaim.

Court in its entirety. The Court having received all evidence offered by the Defendant in support of the Defendant's counterclaim, now finds that the objection by counsel for the Plaintiff as to the relevancy of said claims by the Defendant was appropriate and a meritorious objection. Accordingly the Court does herewith reverse its previous ruling as to the objections of the Plaintiff and does sustain the same, thereby finding the Defendant's evidence offered in support of the alleged counterclaims to be totally irrelevant as to the claim of the Plaintiff.

"It is the finding of this Court that the Defendant's alleged counterclaim is wholly without merit. It is the further finding that the basis for the Defendant's alleged counterclaim arose in its entirety prior to the Defendant's execution of Plaintiff's exhibit 1 and that the matters of spousal support are exclusively within the discretion of the Court granting the original divorce action and any subsequent modification thereto. Any transportation furnished by the Defendant for the Plaintiff together with the benefit of Blue Cross/Blue Shield insurance premiums paid by the Defendant as part of his family policy, are entirely divorced from the transaction giving rise to the Plaintiff's claim demonstrated in Plaintiff's exhibit 1 and accordingly may not be considered by this Court as a proper counterclaim."

If, as John contends, the counterclaim was dismissed because it did not arise from the transaction giving rise to Donna's claim, the trial court was in error. Rule 13(b), N.D.R.Civ.P., governing permissive counterclaims, provides that a pleading "may state as a counterclaim any claim against an opposing party not arising out of the transaction or occurrence that is the subject matter of the opposing party's claim." Subsection (a) of Rule 13, *requires* a pleading to state as a counterclaim any claim which the pleader has against any opposing party if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require the presence of third parties over whom the court cannot acquire jurisdiction if they are necessary for its adjudication. Thus, while subsection (a) makes compulsory the pleading of a counterclaim arising out of the same transaction as that upon which the complaint is grounded, subsection (b) clearly *permits*, without approval of the court, any other counterclaim against an opposing party.

We are not convinced, however, that the trial court dismissed the counterclaim because it did not arise from the transaction giving rise to Donna's claim. If that was the rationale for the dismissal, the statements from the memorandum opinion finding the counterclaim to be "wholly without merit" would have been unnecessary.

Neither, however, are we convinced that the trial court dismissed the counterclaim on its merits for, if that was the rationale, the dismissal should have been with prejudice not only to the instant action but as to any further proceeding. Rule 41(b), N.D. R.Civ.P.

It was suggested at oral argument that the trial court intended to dismiss the counterclaim for the purpose of this action and without prejudice to raising the issue in an action to modify the spousal support ordered in the original divorce action. Indeed, there is language in that portion of the memorandum opinion quoted above which may support that rationale. One of the exhibits adduced at trial by the plaintiff was a copy of John's affidavit in support of his motion to eliminate alimony and spousal support. The record does not reflect what, if any, action was taken regarding the motion. But if that was the rationale for the dismissal of the counterclaim, and we are unsure that it was, we observe that the counterclaim alleges facts which arose subsequent to the divorce. Furthermore, no authority has been cited which supports a conclusion that the substance of the counterclaim can be considered only in the context of a motion to eliminate or reduce alimony and spousal support, although that may be a logical vehicle for doing so; or, for that matter, is there any explanation as

to why the counterclaim would be "wholly without merit" for the purpose of this action but could be meritorious in some other context.

Because we are uncertain as to the disposition of the counterclaim by the trial court, we remand this matter to the trial court pursuant to Rule 35, N.D.R.App.P., for further consideration of the counterclaim, but we do not retain jurisdiction of the appeal.

We affirm the judgment for Donna on the note. Costs are awarded to neither party.[2]

ERICKSTAD, C.J., and GIERKE, LEVINE and MESCHKE, JJ., concur.

**2.** Neither party moved for amendment of the findings or requested clarification of the intent of the trial court prior to appeal. See Rules 52(b), 59, and 60, N.D.R.Civ.P.